IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS SANTOS | ) | |
|         **Plaintiff,** | ) | |
| | ) | |
|         v. | ) | C.A. No. 06-01Erie |
| | ) | |
| | ) | District Judge McLaughlin |
| DOCTOR MARK BAKER, et al. | ) | Magistrate Judge Baxter |
|         **Defendants.** | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants [Document # 13] be GRANTED.

It is further recommended that Plaintiff's motion for summary judgment [Document # 19] should be DENIED.

**II.   REPORT**

**A.   Introduction**

On January 3, 2006, Plaintiff, acting *pro se*, filed the instant action. Plaintiff is an inmate incarcerated within the State Correctional System of Pennsylvania. Plaintiff names Doctor Mark Baker and Prison Health Services Inc. as Defendants in this action. Plaintiff alleges that Defendants violated his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment by providing him with inadequate medical care. As relief, Plaintiff seeks monetary damages, along with injunctive relief.

Defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted. Plaintiff filed an Opposition to the motion to dismiss, as well as a motion for summary judgment. Defendants have filed an Opposition to Plaintiff's motion for summary judgment. Accordingly, this matter is ripe for disposition by this Court.

### B.      Standards of Review

#### 1.      *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2.      Motion to dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the

plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 3.    Motion for summary judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C. Plaintiff's complaint

In his complaint, Plaintiff complains that following his transfer from SCI Camp Hill to SCI Albion, he was treated with the drug Lovastatin instead of the drug Lipitor. Plaintiff alleges:

> When Plaintiff arrived at SCI Albion on 1-24-03 Defendant Baker stopped the Lipitor citing that it was not in the formulary of Defendant Prison Health Services due to the cost of the drug. To substitute for Lipitor Baker ordered Lovastatin, a generic form of the drug Mevacor which is similar to Lipitor but not the same as it. Plaintiff continued on this medication and on July 29, 2005 Plaintiff suffered a heart attack and required emergency triple bypass surgery. Plaintiff contends that before leaving the hospital to return to prison he was informed by St. Vincent Hospital doctors that they were perscribing [sic] Lipitor and that Plaintiff needs to be on Lipitor rather than the Lovastatin ordered by Baker. Upon return to SCI Albion, Defendants simply disregarded the order for Lipitor and continued Lovastatin telling the Plaintiff the two drugs are the same.

> Plaintiff contends that had Defendants never taken him off Lipitor he would not have had a heart attack and the subsequent bypass surgery and by continuing to deny him Lipitor they are placing him at further risk solely due to the cost of Lipitor.  Plaintiff avers that cost cannot be used as a reason to deny treatment.

Document # 3.  Plaintiff seeks declaratory and injunctive relief ordering Defendants to provide him with Lipitor[1], and monetary damages. Id.

### D.  Deliberate indifference under the Eighth Amendment

Defendants have moved to dismiss on the basis that Plaintiff has not stated a claim of deliberate indifference upon which relief may be granted.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).  The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  A serious medical need may also be found to exist where the denial or delay of treatment results in "unnecessary and wanton infliction of pain." Id.

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104.  Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury,  Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir.

---

[1] In his Declaration filed June 16, 2006, Plaintiff acknowledges that he is receiving Lipitor.  Document # 18, page 2.  As such, Plaintiff's request for injunctive relief in this regard has become moot.

5

1990).  Mere misdiagnosis or negligent treatment is not actionable under §1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation.  Estelle, 429 U.S. at 106.  "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts."  Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights.  Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). See also Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

Plaintiff has not sufficiently pled that Defendants exhibited deliberate indifference to his serious medical need.  According to Plaintiff himself, he acknowledges that he received medical treatment for his ailment.  It is the course of the medical treatment to which Plaintiff objects. Such a claim of disagreement does not rise to the level of a constitutional violation and so should be dismissed.

### E. Defendant Prison Health Services, Inc.

In order to state a claim against this Defendant, Plaintiff must demonstrate that the corporation acted "established and maintained a policy, practice or custom which directly caused [him] constitutional harm."  Stoneking v. Bradford Are School District, 882 F.2d 720, 725 (3d Cir. 1989).  Here, there has been no constitutional harm and Plaintiff has not alleged a policy, practice or custom.

The motion to dismiss should be granted.

### F. Plaintiff's motion for summary judgment

As Plaintiff has failed to state a claim upon which relief can be granted, his motion for summary judgment should be denied.

### III.     CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the motion to dismiss filed by Defendants [Document # 13] be GRANTED.

It is further recommended that Plaintiff's motion for summary judgment [Document # 19] should be DENIED.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
Chief United States Magistrate Judge

Dated: November 13, 2006